**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VAN POUNDS, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CAMERON SMITH, individually and in his official capacity; BRIAN LIGHT, individually and in his official capacity; OREGON DEPARTMENT OF CONSUMER & BUSINESS SERVICES, <br><br> Defendants - Appellees. | No. 24-6649 <br><br> D.C. No. 6:19-cv-00420-MK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon

Mustafa T. Kasubhai, District Judge, Presiding

Argued and Submitted November 19, 2025
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and DESAI, Circuit Judges.

Van Pounds appeals from the district court's summary judgment in favor of

Cameron Smith and Brian Light.  Pounds also appeals the district court's denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

his motion to compel due to the attorney-client privilege and award of costs to Smith and Light. We have jurisdiction under 8 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Huntsman v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 127 F.4th 784, 789 (9th Cir. 2025). We also review de novo whether the attorney-client privilege has been waived. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). We review the district court's cost award for abuse of discretion. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). We affirm.

The district court did not err in granting Smith and Light summary judgment because they are entitled to qualified immunity. Qualified immunity protects government officials sued in their personal capacity from damage awards unless they have violated a clearly established statutory or constitutional right. *Lane v. Franks*, 573 U.S. 228, 243 (2014). A right is clearly established when case law was "earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant[s'] place, that what [they are] doing violates federal law." *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017). Pounds argues that Smith and Light retaliated against him for exercising his First Amendment rights when they (1) disclosed an investigative report in response to a reporter's public records request, and (2)

2

shared the report with the governor's office. At the time of the events in this case, there was no case law or other law establishing that either act constituted an adverse employment action under the First Amendment. Whether or not Smith and Light's treatment of Pounds was appropriate, they are entitled to qualified immunity because it was not established that their conduct violated the First Amendment.

Because Pounds' suit fails based on qualified immunity, the information he sought in discovery would have made no difference to the suit's outcome. We therefore need not reach the question of whether the district court erred in denying his motion to compel.

The district court did not abuse its discretion in awarding Smith, Light, and the Oregon Department of Consumer and Business Services costs under Rule 54(d)(1). Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); *see also* 28 U.S.C. § 1920.

**AFFIRMED.**